UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

SYDNEY HART,

                Plaintiff,

  -  against  -                                 ____ cv _____

COUNTY OF SUFFOLK; SUFFOLK COUNTY
SHERIFF'S OFFICE; SUFFOLK COUNTY
POLICE DEPARTMENT; SERGEANT MICHAEL
ALFANO (Shield No. 1110), in his official and
individual capacity an employee of the Suffolk
County Police Department; POLICE OFFICER
JAMES MCQUADE (Shield No. 1216), in his official and
individual capacity an employee of the Suffolk
County Police Department; RIVERHEAD
CORRECTIONAL FACILITY; CORRECTIONS
OFFICER PATRICIA BURKHARDT, in her
official and individual capacity an employee of
the Riverhead Correctional Facility; RIVERHEAD
CORRECTIONAL FACILITY EMPLOYEES
JOHN DOES ## 1 through 6 (the names
"John Does" being fictitious as the true names
are not known to Plaintiff), in
their official and individual capacities as employees
of the Riverhead Correctional Facility,

                Defendants.

-------------------------------------------------------------------x

1. This is a civil rights action brought by Plaintiff Sydney Hart to seek relief for the Defendants' violations of her constitutional rights secured by the Civil Rights Act of and 1871, 42 U.S.C. § 1983 and the rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and the rights secured under the Constitution of the State of New York, and the common law and civil rights laws of the State of New York. Plaintiff seeks compensatory and punitive damages and such other relief as this Court deems equitable and just.

# INTRODCUTION

2. Amid a culture of flagrant deprivations of constitutional and civil rights at the Suffolk County Police Department, then helmed by former Suffolk County Police Chief James Burke, SCPD Sergeant Michael Alfano directly committed and commanded an unconstitutional search of Plaintiff Sydney Hart's bedroom and internal closet on August 27, 2015. As a result of that illegal search and seizure of property and effects, as well as an illicit campaign of malicious prosecution that included evidence fabrication and false testimony on the part of Sergeant Alfano and another SCPD police officer, James McQuade, Plaintiff was imprisoned, without trial, in the Riverhead Correctional Facility for some fourteen months. During the ensuing term of her unjustified and unlawful imprisonment in the Riverhead Correctional Facility, Plaintiff, a transgender woman, was singled out and targeted for repeated emotional and verbal abuse and discriminatory treatment on account of her transgender status. Plaintiff was subjected to ugly transphobic slurs by corrections officers, horrifically taunted by medical personnel during her vaginal dilation therapy, called by her former, long-ago legally-changed first name and forced to wear a wristband bearing that same name - "Stuart Hart".

3. This pattern of abuse and discriminatory animus culminated, on October 14, 2016, in an unprovoked physical assault and by Riverhead Correctional Facility Corrections Officer Patricia Burkhardt ("Burkhardt") and several correctional facility employees acting with the complicity of Burkhardt and/or at her direction and behest.

4. For these unconstitutional acts, as well as for violations of state common and civil rights law, Plaintiff seeks redress, including compensatory and punitive damages and such other relief as this Court deems equitable and just.

## JURISDICTION

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

6. Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Plaintiff resides in this venue and her claims arose within the confines of this judicial district.

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

9. Plaintiff demands a trial by jury in this action on each and every one of her claims.

## NOTICE OF CLAIM

10. On or about January 5, 2017, and within ninety (90) days after the claims herein accrued, Plaintiff served and filed a timely Notice of Claim, setting forth the facts and information required under General Municipal Law § 50-e, with the County of Suffolk and the

Riverhead Correctional Facility, and the Suffolk County Sheriff's Office, respectively, the entities that employ or employed all named Individual Defendants here, by personal delivery of the notice, to the Suffolk County Attorney's Office.

11. In compliance with General Municipal Law § 50-h, a hearing was conducted by the Suffolk County Attorney's Office on May 11, 2017 and concluded on June 20, 2017.

12. This action has been commenced within one year and ninety days of the incidents upon which the claims are based and, to the extent applicable, as soon after such claims were capable of discovery by Plaintiff.

## PARTIES

13. Plaintiff Sydney Hart ("Plaintiff" or "Ms. Hart") is a 48 year-old transgender woman who, at all times relevant hereto, was a resident of the State of New York and the County of Suffolk.

14. Defendant County of Suffolk (the "County" or "County of Suffolk") is a municipal corporation duly incorporated and authorized under the laws of the State of New York. The County is authorized under the laws of the state of New York to maintain a police department, the Suffolk County Police Department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The County assumes the risks incidental to the maintenance of a police force and the employment of police officers.

15. Defendant Suffolk County Police Department ("SCPD") is, on information and belief, an accredited law enforcement agency owned and operated and/or controlled by the County of Suffolk.

16. At all relevant times, the County, acting through the SCPD, the Suffolk County Sheriff's Office and/or Riverhead Correctional Facility, hired, employed, supervised and controlled the Individual Defendants.

17. Defendant Sergeant Michael Alfano ("Sergeant Alfano") is and/or was at all times relevant herein, an officer, employee, and agent of the SCPD, a municipal agency of the County. He is and/or was at all relevant times herein duly appointed and acting as a Sergeant of the SCPD, Fourth Precinct; he was promoted to Lieutenant in 2016. At all times relevant herein, Sergeant Alfano was the final policy maker with respect the decision to arrest, commit and confine Plaintiff as well as the final policymaker with respect to decisions relating to the search and seizure property from Plaintiff's property; Sergeant Alfano directly committed, and directly and/or indirectly commanded subordinates to commit misconduct the unconstitutional acts of illegal search and seizure and malicious prosecution challenged herein. Such acts on the part of Sergeant Alfano, which included, but are not limited to, false testimony under oath at a *Huntley/Mapp Dunaway* hearing before Suffolk County Supreme Court Justice Mark D. Cohen and, on information and belief, before prior Grand Jury proceedings held in the County of Suffolk, were the result of a deliberate choice on the part of Sergeant Alfano to follow a course of action that violated Plaintiff's constitutional rights and which caused her prosecution and near fourteen-month confinement. Sergeant Alfano is sued in his individual and official capacities.

18. Defendant Police Officer James McQuade ("McQuade"), is and/or was at all times relevant herein, an officer, employee, and agent of the SCPD, a municipal agency of the County. He is duly appointed and acting as a police officer of the SCPD. McQuade directly committed the unconstitutional acts of illegal search and seizure and malicious prosecution challenged herein. McQuade is sued in his individual and official capacities.

19. All named Defendant Police Officers were, at all relevant times relevant herein, on duty with the SCPD on August 27, 2015.

20. At all times relevant herein, all named Individual Defendant Police Officers were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the County and/or the SCPD in engaging in the conduct described herein.

21. At all times relevant herein, the Individual Defendant Police Officers have acted for an on behalf of the County and/or the SCPD with the power and authority vested in them as officers, agents and employees of the County and/or the SCPD and incident to the lawful pursuit of their duties as officers, employees and agents of the County and/or the SCPD.

22. Defendant Riverhead Correctional Facility ("Riverhead Correctional Facility") is, on information and belief, is a corporation/entity owned and controlled by the County of Suffolk through the Suffolk County Sherriff's Office.

23. Defendant Suffolk County Sheriff's Office ("Suffolk County Sheriff's Office") is, on information and belief, an accredited law enforcement agency owned and operated and/or controlled by the County of Suffolk.

24. Defendant Patricia Burkhardt ("Burkhardt") is and/or was at all times relevant herein, an officer, employee, and agent of the Riverhead Correctional Facility, a municipal agency of the County. She is duly appointed and acting as a Corrections Officer at the Riverhead Correctional Facility and/or the Suffolk County Sheriff's Office. Burkhardt is sued in her individual and official capacities.

25. John Does ## 1-6 are Riverhead Correctional Facility employees; John Does being fictitious as the true names are not known to Plaintiff. John Does ## 1-6 are sued in their official and individual capacities as employees of the Riverhead Correctional Facility and/or the Suffolk County Sheriff's Office.

26. Defendants Burkhardt and John Does ## 1-6 were, at all relevant times relevant herein, on duty with the Riverhead Correctional Facility and/or the Suffolk County Sheriff's Office, on October 14, 2016 and during the term of Plaintiff's confinement at the Riverhead Correctional Facility between September 3, 2015 and October 14, 2016.

27. At all times relevant herein, Defendants Burkhardt and John Does ## 1-6 were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the County, the Riverhead Correctional Facility and/or the Suffolk County Sheriff's Office in engaging in the conduct described herein.

28. At all times relevant herein, the individual Defendants have acted for an on behalf of the County, the Riverhead Correctional facility and/or the Suffolk County Sheriff's Office with the power and authority vested in them as officers, agents and employees of the County and/or the County, the Riverhead Correctional Facility and/or the Suffolk County Sheriff's Office and incident to the lawful pursuit of their duties as officers, employees and agents of the County, the Riverhead Correctional Facility and/or the Suffolk County Sheriff's Office.

STATEMENT OF FACTS

29. On August 27, 2015, at approximately 3:00 p.m. at 2478 Motor Parkway in Ronkonkoma, New York, the bedroom and internal closet of Ms. Sydney Hart were unlawfully searched and property seized therfrom by SCPD Michael Sergeant Alfano and police officer

James McQuade, who, while acting within the scope of their employment, undertook an illegal search of Ms. Hart's premises and unlawfully seized her property without probable cause or lawful consent.

30. Minutes later, as a result of the unlawful search and seizure of Ms. Hart's bedroom and internal closet, and based on untrue, fabricated and/or falsified information concerning the purported basis for Sergeant Alfano's and police officer McQuade's and Alfano's illegal search and seizure of Ms. Hart's property and premises, police officer Kenneth Rainey, acting within the scope of his employment, pursued and immediately detained, arrested and confined Ms. Hart. At Sergeant Alfano's sole direction and command, Ms. Hart was taken to CPEP Stony Brook Hospital for involuntary evaluation and, on August 28, 2015, involuntarily committed for further evaluation at South Oaks Hospital.

31. Eight days later, on September 2, 2015, Ms. Hart was removed from the South Oaks Hospital facility, arraigned and subsequently incarcerated at the Riverhead Correctional Facility beginning on September 3, 2015, where she remained until October 14, 2016, without benefit of trial.

32. After some fourteen months of incarceration, on or about October 13, 2016, it came to ligh that egregious police misconduct, including the giving of false testimony before the Honorable Mark Cohen, Supreme Court Justice for the County of Suffolk, had occurred in connection with Sergeant Alfano's and Police Officer McQuade's search of Ms. Hart's bedroom and internal closet on August 27, 2015 and the resulting seizure of property therefrom, including firearms and other personal property.

33. Suddenly and without notice, Ms. Hart was released from the Riverhead Correctional Facility, on her own recognizance, on or about October 14, 2016.

34. A conference was held before the Honorable Judge Cohen on October 31, 2016, at which time all charges against Ms. Hart were dismissed "in the interest of justice" pursuant to New York Criminal Procedure Law 210.20 1(h). Judge Cohen also vacated his prior decision, dated September 26 2016, regarding a suppression hearing held in the summer of 2016. Judge Cohen expressly noted during the proceedings held before him on October 31, 2016, that there were "very disturbing, very serious allegations" concerning the searching officers' conduct.

35. The dismissal of charges was prompted by newly-acquired evidence, including radio calls between police officers and the Fourth Precinct on August 27, 2015, revealing that Sergeant Alfano, along with Police Officer McQuade, had lied under oath regarding the nature and timing of purported "consent" allegedly given to searching officers in connection with the illegal search of Ms. Hart's bedroom and internal closet therein on that date.

36. Specifically, Sergeant Alfonso testified at that hearing that he obtained the written consent of Ms. Hart's mother, Linda Hart, *prior* to searching Ms. Hart's bedroom and closet on August 27, 2015. However, based on police radio calls requesting a Consent to Search Form made on August 27, 2015, Sergeant Alfano's sworn representation during the *Huntley/Mapp-Dunaway* hearing held in the summer of 2016, was patently false: As became apparent from newly-revealed, taped communications from the Suffolk County Police Department that the consent to search form was obtained only *after* the search was conducted and the items were illegally seized.

37. During the course of that same *Huntley/Mapp-Dunaway* hearing held before Judge Mark Cohen, false testimony was also given by Police Officer McQuade, who was, on information and belief, acting at the command of Sergeant Alfano prior to and during the illegal search and seizure. During the *Huntley/Mapp-Dunaway* hearing in the summer of 2016, Police Officer McQuade falsely "corroborated" Sergeant Alfano's false testimony, likewise testifying that the written consent form was obtained from Plaintiff's mother, Ms. Linda Hart, prior to the search and seizure of Ms. Hart's bedroom and internal closet. That sworn statement was not true.

38. As became clear from subsequent events, including the newly-revealed radio calls, Sergeant Alfano and Police Officer McQuade knew that they did not have Linda Hart's consent to search her adult daughter's room and internal closet when they conducted the illegal search and seizure on August 27, 2015. Nor, as the only credible testimony elicited at the *Huntley/Mapp-Dunaway* hearing revealed, did Linda Hart have apparent authority to consent to the search of her adult daughter's bedroom.

39. Rather than attempt to make amends for the grievous wrong committed against Ms. Hart, in an apparent effort to justify their zealous and unconstitutional search and seizure, Sergeant Alfano and Police Officer McQuade together fabricated testimony, including, upon information and belief, testimony before the grand jury proceedings that that led to Ms. Hart's indictment, all to effect and maliciously pursue and further the prosecution and imprisonment of Ms. Hart.

40. All of the above was unbeknown and not capable of being known to Ms. Hart (or her attorneys) at the time of Ms. Hart's detainment, arrest and throughout the course of her

confinement and imprisonment at the Riverhead Correctional Facility. The fraudulent and/or criminal conduct and testimony of Sergeant Alfano and Police Officer McQuade directly caused, precipitated and led to Ms. Hart's evaluation at CPEP Stony Brook Hospital, her involuntary commitment at South Oaks Hospital from August 28, 2015 through September 2, 2015, her formal arrest on or about September 2, 2015, as well as her subsequent arraignment and unjustified and unlawful, near fourteen-month confinement in the Riverhead Correctional facility from September 3, 2015 through October 14, 2016, without benefit of a trial or other due process.

41. Sometime after the dismissal of the indictment against Ms. Hart on October 31, 2016, Sergeant Alfano and Police Officer McQuade were the subjects of grand jury/indictment proceedings concerning their conduct in connection with Ms. Hart's arrest, the unlawful search of her bedroom and internal closet and malicious prosecution.

42. During her unlawful, unjustified and false imprisonment in the Riverhead Correctional Facility between September 3, 2015 and October 14, 2016, moreover, Ms. Hart was singled out and targeted for repeated emotional and verbal abuse and discriminatory treatment on account of her transgender status. Among other things, Ms. Hart was subjected to a genital exam to determine whether she was female; called ugly anti-transgender and transphobic slurs -- with Riverhead Correctional Facility Corrections Officers, including Corrections Officer Burkhardt, repeatedly referring to Ms. Hart as "he/she/it" and, on one particularly disturbing occasion, with Burkhardt telling Ms. Hart she had "no right to compare her anatomy to [Ms. Burkhardt's] own." Ms. Hart was also taunted by medical personnel during Ms. Hart's vaginal dilation therapy, as well as made to wear a wristband bearing Ms. Hart's former, long-ago legally changed name -- "Stuart Hart".

43. During the course of her near fourteen-month confinement, Ms. Hart made numerous complaints about her abusive treatment by Corrections Officer Patricia Burkhardt and other Riverhead Jail corrections officers and employees regarding her malicious, inhumane and targeted treatment as a transgender person as well as about correction officers' continuous campaign of harassment, belittlement, disparagement and intentional infliction of extreme emotional distress based on Ms. Hart's transgender status and/or gender, all of which went unaddressed in any meaningful way.

44. This pattern of abuse and articulated discriminatory animus culminated, on October 14, 2016, in an unprovoked physical assault and by Corrections Officer Burkhardt and several correctional facility employees, namely, John Does ## 1 through 6, who acted with the complicity of Burkhardt and/or, on information and belief, at her direction and behest.

45. On October 14, 2016, at approximately 3:30 p.m., on the first and fifth floors as well as in the elevator of the jailhouse at the Riverhead Correctional Facility, Corrections Officer Patricia Burkhardt and John Does ## 1 through 6, intentionally placed Ms. Hart in imminent fear for her physical safety, humiliated her and committed battery to her person her without legal justification or excuse, leaving bruises and causing other injuries for which Ms. Hart sought and received medical attention.

46. Defendant Riverhead Correctional Facility's and its corrections officers' and employee' abuses of Ms. Hart is also a manifestation of generations' old law enforcement practices targeting LGBT people for violence, stigma, and deprivation of civil rights. This history and pattern of discrimination at the hands of government officers was so widely acknowledged by the time of Ms. Hart's attack that the Second Circuit ruled in 2012 in Windsor

v. United States, 699 F.3d 169, 182, that it warrants heightened judicial scrutiny of governmental conduct discriminating against LBGT people.

47. The systematic failure to know, understand, investigate and failure to observe Ms. Hart's Fourth Amendment and other constitutional rights, the unlawful seizure of her person and property without justification or lawful cause, the ensuing malicious prosecution on the part of the officers, the physical harm, harassing conduct, intimidation of corrections' officers as well as the wholesale failure to properly train, investigate and supervise caused injuries to Ms. Hart as a result of the negligence, carelessness, recklessness and deliberate indifference of the County of Suffolk, the Suffolk County Police Department, the Riverhead Correctional Facility and the Suffolk County Sheriff's Office, as set forth hereinabove.

48. At all times herein, the Individual Defendants had no lawful cause to exercise excessive force, charge, incarcerate and prosecute Plaintiff. Their actions were based on malice and bad faith and were supported by the false statements made by the Individual Defendants under oath.

49. The conduct of the Individual Defendants in restraining, striking, threatening and/or imprisoning and maliciously prosecuting Plaintiff proximately caused physical and emotional and financial injury to her, as well as serious physical and emotional pain and suffering, mental anguish, shock, fright, physical pain, humiliation, embarrassment and deprivation of her constitutional rights.

50. Plaintiff suffered the trauma, debasement and humiliation as a result of having her private premises unlawfully searched without probable or other lawful cause, being assaulted and unlawfully imprisoned and maliciously prosecuted.

51. At all times relevant herein, the Individual Defendants acted intentionally, deliberately, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to the Plaintiff's rights and physical and mental well-being by exercising excessive force on, arresting, imprisoning and prosecuting Plaintiff.

52. The actions of the individual Defendants, as set forth herein, were, *inter alia*, the result of the failure of the SCPD, the Riverhead Correctional Facility and the Suffolk County Sheriff's Office failure to properly train, supervise and discipline its officers, including Defendants Alfano, Police Officer McQuade, Corrections Officer Burkhardt and John Does ##1-6. This failure to train, supervise and discipline is a consequence of the deliberate policies and practices of the County, its SCPD, the Riverhead Correctional Facility and the Suffolk County Sheriff's Office. These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless and intentional actions of the Individual Defendants.

53. At all relevant times herein, Defendant County, acting through its SCPD, Riverhead Correctional Facility and Suffolk County Sherriff's Office, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights which caused the violation of her rights.

54. Defendants' unlawful actions were done willfully, knowingly and with specific intent to deprive Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

55. The constitutional abuses and violations by Defendant County, through the actions of its SCPD, the Riverhead Correctional Facility, Suffolk County Sheriff's Office, and individual

defendant corrections and police officers, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant County, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, instead, acts of misconduct were tolerated by the County.

56.   Upon information and belief, Defendant County has, acting through its SCPD, the Riverhead Correctional Facility and the Suffolk County Sheriff's Office, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully searching and seizing property of individuals without reasonable suspicion or probable cause, maliciously prosecuting said individuals upon false evidence and/or false statements and by exercising excessive force.  Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

57.   Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff.  As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which has caused her to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation embarrassment.

FIRST CLAIM FOR RELIEF VIOLATION OF THE FOURTH AMENDMENT 42 U.S.C. §
1983

(Against All Defendants)

58.  Ms. Hart repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. The Fourth Amendment of the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides in part that, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

60. By reason of the foregoing paragraphs, and by falsely imprisoning, maliciously prosecuting, abusing criminal process, fabricating evidence to pursue criminal charges against her leading to her near fourteen month imprisonment, and by assaulting, battering, and using unnecessary, excessive and unconscionable force, or failing to prevent others from doing so, the Individual Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every person, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution to be free from unreasonable seizure of her person, the use of excessive force, false arrest and false imprisonment, malicious prosecution, abuse of criminal process, and from fabrication of criminal charges against her. The Individual Defendants acted under pretense and color of state law and within the scope of their employment as Suffolk County officers and employees.

61. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged, including but not limited to conscious pain and suffering, injury, and deprivation of her liberty.

62. At all times relevant herein, Defendant Sergeant Michael Alfano was the final policy maker with respect the decision to arrest, confine and imprison Plaintiff as well as all decisions relating to the illegal search and seizure property from Plaintiff's property; Sergeant Alfano directly committed, and directly and/or indirectly commanded subordinates to commit

unconstitutional acts of illegal search and seizure and malicious prosecution challenged herein. As described herein, these constitutional violations on the part of Sergeant Alfano and others acting at or under his command took place amid a culture of flagrant acts of constitutional deprivations at the SCPD led by former SCPD James Burke, which acts exemplify and evince blatant, top-down constitutional transgressions, supervisory failures and complicity in the systemic pattern and practice of excessive force, false reporting, evidence fabrication, inadequate investigations, and false accusations of SCPD officers alleged herein.

63. As described above, and by reason of the foregoing paragraphs, such acts on the part of Alfano, which included false testimony under oath, were the result of a deliberate choice on the part of Sergeant Alfano and subordinate acting under his command, to follow a course of action that violated Plaintiff's constitutional rights and which caused her prosecution and fourteen month confinement.

64. Defendant County of Suffolk, through SCPD, Suffolk County Sheriff's Office and Riverhead Correctional Facility, and acting under the pretense and color of law, permitted, tolerated, and was deliberately indifferent to a pattern and practice of excessive force, abuse of criminal process, malicious prosecution at all relevant times herein.

65. Furthermore, this widespread tolerance of police and corrections officer abuse constituted a municipal policy, practice, or custom and led to the deprivation of Plaintiff's liberty, including her fourteen-month imprisonment as well as her physical assault. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursuant to which was subjected to a a physical assault and false criminal charges, Defendant Suffolk County has deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed

to every person in the United States, secured by 42 U.S.C. § 1983, including, but not limited to rights guaranteed under the Fourth Amendment to be free from unreasonable seizure of her person, the use of excessive force, malicious prosecution, false arrest and false imprisonment, abuse of criminal process, and fabrication of criminal charges against her.

66. At all times material to this complaint, Defendant Suffolk County failed to properly train, screen, supervise, or discipline employees including the Individual Defendants, and failed to inform supervisors of their need to train, screen, supervise, or discipline employees such as the Individual Defendants regarding the conducting of warrantless searches and seizures, obtainment of lawful consent, and the limits on using force and interacting with inmates and LGBT people, in particular.

67. As a direct and proximate result of Defendant Suffolk County's policies, practices, customs, and usages, and the above-described failure to properly hire, train, screen, supervise, or discipline, Plaintiff sustained the damages alleged, including but not limited to conscious pain and suffering, injury, and deprivation of her liberty.

SECOND CLAIM FOR RELIEF VIOLATION OF THE FOURTEENTH AMENDMENT: DUE PROCESS 42 U.S.C. § 1983

(Against Riverhead Correctional Facility, Suffolk County Sheriff's Office, Patricia Burkhardt and John Does ## 1-6)

68. Ms. Hart repeats and re-alleges paragraphs 1 through 67 as if fully set forth herein.

69. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, bars Defendants from depriving any person of life, liberty, or property without due process of law (the "Due Process Clause").

70. By reason of the foregoing paragraphs, and by assaulting, battering, and using unnecessary, excessive, and unconscionable force, or failing to prevent other Individual Defendants from doing so, Defendant Patricia Burkhardt, and Defendant John Does ## 1 through 6, deprived Ms. Hart of rights, remedies, privileges, and immunities guaranteed to every person, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourteenth Amendment to the United States Constitution to be free from unreasonable seizure of her person, the use of excessive force. The aforesaid individual defendants acted under pretense and color of state law and within the scope of their employment as Riverhead Correctional Facility and Suffolk County Sheriff's Office officers and employees.

71. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged, including, but not limited to, conscious pain and suffering, injury, and deprivation of her liberty and due process rights.

72. Defendant County of Suffolk, through Suffolk County Sheriff's Office and Riverhead Correctional Facility, and acting under the pretense and color of law, permitted, tolerated, and was deliberately indifferent to a pattern and practice of excessive force at all relevant times herein.

73. This widespread tolerance of police and corrections officer abuse constituted a municipal policy, practice, or custom and led to the deprivation of Plaintiff's liberty, including her fourteen-month imprisonment as well as her physical assault. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursuant to which  was subjected to a a physical assault and false criminal charges, Defendant Suffolk County has deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every person in

the United States, secured by 42 U.S.C. § 1983, including, but not limited to rights guaranteed under the Fourth Amendment to be free from unreasonable seizure of her person, the use of excessive force against her.

74. At all times material to this complaint, Defendant Suffolk County failed to properly train, screen, supervise, or discipline employees including the Individual Defendants, and failed to inform supervisors of their need to train, screen, supervise, or discipline employees such as the Individual Defendants regarding the limits on using force and interacting with inmates, and, in particular, LGBT people.

75. As a direct and proximate result of Defendant Suffolk County's policies, practices, customs, and usages, and the above-described failure to properly hire, train, screen, supervise, or discipline, Plaintiff sustained the damages alleged, including but not limited to conscious pain and suffering, injury, and deprivation of her liberty.

THIRD CLAIM FOR RELIEF (Monell Claim)

76. Ms. Hart repeats and re-alleges paragraphs 1 through 75 as if fully set forth herein.

77. At all times relevant herein, Sergeant Alfano was the final policy maker with respect the decision to investigate, arrest, commit and confine Plaintiff as well as the final policymaker with respect to decisions relating to the search of her bedroom and internal closet and the seizure property therefrom; Sergeant Alfano directly committed, and directly and/or indirectly commanded subordinates to commit misconduct the unconstitutional acts of illegal search and seizure and malicious prosecution described herein. Such acts on the part of Sergeant Alfano, which included, but are not limited to, false testimony under oath at a *Huntley/Mapp-Dunaway* hearing before Suffolk County Supreme Court Justice Mark D. Cohen and, on information and

belief, during prior Grand Jury proceedings held in the County of Suffolk, were the result of a deliberate choice on the part of Sergeant Alfano to follow a course of action that violated Plaintiff's constitutional rights and which caused her prosecution and her near fourteen-month confinement.

79. In addition, Defendant County, acting through its SCPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights which caused the violation of such rights.

80. At the time of the constitutional violations described herein, a pattern and practice of unconstitutional and tortious conduct was so entrenched at the Suffolk County Police Department that only a few weeks month after the above described constitutional violations were perpetrated against Ms. Hart, on October 27, 2017, then Chief of Police, James Burke ("Burke"), resigned and was arrested for egregious constitutional deprivations of civil rights, including, cover-up, evidence fabrication, obstruction of justice and the brutal assault and battery of an arrestee, for which he was and ultimately was sentenced to 46 months in federal prison. Other police officers and officials in the SCPD were subsequently indicted for similar and related constitutional violations very similar to the ones perpetrated against Ms. Hart under disgraced ex-SCPD Chief Burke's tenure. James Burke, the highest-ranking SCPD member, exemplifies and evinces and blatant, top-down constitutional transgressions, supervisory failures and complicity in the systemic pattern and practice of excessive force, false reporting, evidence fabrication, inadequate investigations, and false accusations of SCPD officers alleged herein.

81. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

82. In addition, the constitutional abuses and violations by Defendant County, through the actions of the Suffolk County Police Department and all named Defendants, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant County, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Individual Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and, instead, acts of misconduct were tolerated by the County.

83. Upon information and belief, Defendant County has, acting through its SCPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and or custom of exercising excessive force, unlawfully searching and seizing property without lawful cause, exercising excessive force and imprisoning individuals without lawful cause.

84. The deprivation of civil rights that occurred in this case were not isolated events. Instead, they are a manifestation of a pattern and practice of misconduct of which Suffolk County policymakers have had actual and constructive notice, and yet have not prevented.

85. The County of Suffolk, the SCPD and police and corrections officers have been repeatedly sued over the past two decades for deprivations of constitutional rights under the Fourth and Fourteenth Amendments, including, malicious prosecution and using and condoning

excessive force, failing to investigate those violations, and/or covering up those violations. Many of these cases alleged similar beatings similar resulting injuries, similar evidence fabrication and false testimony of the part of SCPD police officers and similar failures on the part of Defendant County to take appropriate steps to end this culture of violence and deprivation of constitutional rights. Some involved anti-LGBT conduct or abusive conduct towards inmates and, on information and belief, resulted in substantial awards to the plaintiffs against the government defendants. *E.g.*, *Sunderland v. Suffolk County,* CV-13-4838 (E.D.N.Y) (Section 1983 claim by transgender inmate against Suffolk County Correctional Facility for deprivation of rights under 8th and 14th Amendments); *Genovese v. Town of Southampton et al*, 2:10-cv-03470 (JFB) (E.D.N.Y) (Section 1983 claim for malicious prosecution against Suffolk County and Suffolk County Sheriff resulting in 1.1 million dollar verdict in plaintiff's favor); *Weiner v. McKeffery,* No. 11-CV-2254 (JFB) (Section 1983 claim against Suffolk County for malicious prosecution on part of Suffolk County Police Officers ); *Hartley v. Suffolk County Police Department,* No. 09-CV-2897 (E.D.N.Y.) (Section 1983 claim alleging excessive force by Suffolk County police officers); *Moroughan v. The County of Suffolk,* CV12-512 (E.D.N.Y) (Section 1983 claim alleging, *inter alia*, conspiracy, false arrest, malicious prosecution on the part of Suffolk County police officers); *Lynch v. DeMarco,* 11-CV-26029 (E.D.N.Y) (Section 1983 claim by inmates of Suffolk County Correctional Facility alleging deliberate indifference to jailhouse conditions); *Gurrieri v. The County of Suffolk,* 12-4252 (E.D.N.Y) (Section 1983 claim against Suffolk County alleging constitutional violations). *See also Comprehensive Settlement Agreement Between U.S. Department of Justice and Suffolk County Police Department*, dated January 13, 2014 (requiring Suffolk County Police Department to implement new and enhanced policies and procedures as a result of discriminatory policing practices against Latinos).

86. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

87. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which has caused her to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

FOURTH CLAIM FOR RELIEF Article I, Section 11 of New York State Constitution 15

(Against County of Suffolk, Suffolk County Sheriff's Office, Riverhead Correctional Facility, Patricia Burkhardt and John Does ## 1-6)

88. Ms. Hart repeats and re-alleges paragraphs 1 through 87 as if fully set forth herein.

89. The acts of Riverhead Correctional Facility, the Suffolk County Sheriff's Office its named defendants employees, including Defendants Particia Burkhardt and John Doe #1-6, acting under color of law, in physically assaulting Plaintiff were motivated by anti-transgender and/or gender bias and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation of her Constitutional rights to equal protection as guaranteed by Article I, Section II of the Constitution of the State of New York.

90. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated her rights as guaranteed by the Constitution of the State of New York.

FIFTH CLAIM FOR RELIEF Article I, Section 12 of New York State Constitution

(Against County of Suffolk, Suffolk County Sheriff's Office, Riverhead Correctional Facility, Patricia Burkhardt and John Does ## 1-6)

91. Ms. Hart repeats and re-alleges paragraphs 1 through 90 as if fully set forth herein.

92. The acts of Defendants, acting under color of law, in subjecting Plaintiff to unlawful search and seizure, arrest and excessive force by physically assaulting Plaintiff were done without reasonable suspicion or probable cause and were designed to, and did cause, specific and serious bodily harm, pain and suffering to the Plaintiff in violation of her Constitutional rights as guaranteed by Article I, Section 12 of the Constitution of the State of New York.

93. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated her rights as guaranteed by the Constitution of the State of New York.

SIXTH CLAIM FOR RELIEF

For State Common Law Malicious Prosecution

(Against County of Suffolk, Suffolk County Police Department, Segeant Alfano and Police Officer McQuade)

94. Plaintiff repeats and re-alleges by reference paragraphs 1 through 93 as if fully set forth herein.

95. By their conduct, as described herein, Defendants are liable to Plaintiff for having committed malicious prosecution under the laws of the State of New York.

96. Defendants maliciously caused and commenced criminal proceedings to be filed against Plaintiff, charging her with felony offenses and other violations of the laws of the State of New York.

97. The commencement and continuation of the criminal proceedings against Plaintiff was malicious and without probable or lawful cause.

98. All charges were terminated in Plaintiff's favor on October 31, 2016.

99. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of Plaintiff. Defendant County, as an employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

100. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM FOR RELIEF (Respondeat Superior)

101. Ms. Hart repeats and re-alleges paragraphs 1 through 100 as if fully set forth herein.

102. The conduct of Individual Defendants Alfano, McQuade, Burkhardt and John Does ##1 - 6 occurred while they were on duty, in and during the course and scope of their duties and functions, respectively, as Suffolk County Police Officers, Corrections Officers and/or employees of the Riverhead Correctional Facility and Suffolk County Sheriff's Office and while they were acting as agents and employees of the Defendant County. Defendant County is liable to Plaintiff under the common law doctrine of respondeat superior.

## EIGHTH CLAIM FOR RELIEF DISCRIMINATION IN VIOLATION OF N.Y. CIVIL RIGHTS LAW § 40-C
(Against County of Suffolk, Riverhead Correctional Facility, Suffolk County Sheriff's Office, Patricia Burkhardt and John Doe #1-6 Defendants)

103. Ms. Hart repeats and re-alleges by reference paragraphs 1 through 102 as if fully set forth herein.

104. Section 40-c of the New York Civil Rights Law provides that, "[n]o person shall, because of . . . sex... sexual orientation …, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of the state."

105. By the conduct and actions described above, Defendants denied and/or aided, abetted, incited, compelled, or coerced the denial to Ms. Hart of her civil rights on the basis of her gender and/or transgender status.

106. As a result, Plaintiff suffered conscious pain and suffering, damage, injury, and deprivation of her civil rights and liberty.

107. Plaintiff, simultaneous with the filing of this complaint, serves notice of her claim pursuant to N.Y. CLS Civ. R. § 40-c on the Attorney General of the State of New York.

## NINTH CLAIM FOR RELIEF ASSAULT AND BATTERY UNDER THE LAWS OF THE STATE OF NEW YORK

(Against County of Suffolk, Riverhead Correctional Facility, Suffolk County Sheriff's Office, Patricia Burkhardt and John Doe #1-6 Defendants)

108. Ms. Hart repeats and re-alleges by reference paragraphs l through 107 as if fully set forth herein.

109. By the actions described above, in assaulting, battering, and threatening Ms. Hart mm, or standing by and failing to intervene when Ms. Hart was assaulted, Individual Defendants Burkhardt, and John Does ## 1-6, acting in their capacities as Riverhead Correctional Facility corrections officers and/or employees, and within the scope of their employment, committed a willful, unlawful, unwarranted, and intentional assault and battery upon Ms. Hart. The acts and

conduct of these Defendants were the direct and proximate cause of injury and damage to Ms. Hart and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

110. The conduct of Individual Defendants Burkhardt, and John Does ## 1-6 alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as Riverhead Correctional Facility corrections officers and/or employees, and/or while they were acting as agents and employees of Defendant County of Suffolk, clothed with and/or invoking state power and/or authority, and, as a result, Defendant County of Suffolk is liable to Ms. Hart pursuant to the state common law doctrine of respondeat superior.

111. As a result, Ms. Hart suffered conscious pain and suffering, damage, injury, and was deprivation of her liberty.

### TENTH CLAIM FOR RELIEF FOR FALSE IMPRISONMENT UNDER THE LAWS OF THE STATE OF NEW YORK

(Against County of Suffolk, Suffolk County Police Department, Sergeant Alfano and Police Officer McQuade)

112. Ms. Hart repeats and re-alleges paragraphs 1 through 111 as if fully set forth herein.

113. By the actions described above, the Individual Defendants Alfano and McQuade caused to be falsely confined and imprisoned Ms. Hart, without reasonable or probable or other lawful cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the Individual Defendants Alfano and McQuade were the direct and proximate cause of injury and damage to Ms. Hart and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

114. The conduct of the Individual Defendants Alfano and McQuade alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as SCPD officers and/or employees, and/or while they were acting as agents and employees of Defendant County of Suffolk and the SCPD, clothed with and/or invoking state power and/or authority, and, as a result, Defendant County of Suffolk and the SCPD are liable to Ms. Hart pursuant to the state common law doctrine of respondeat superior.

115. As a result, Ms. Hart suffered conscious pain and suffering, damage, injury, and was deprived of her liberty.

### ELEVENTH CLAIM FOR RELIEF ABUSE OF PROCESS UNDER THE LAWS OF THE STATE OF NEW YORK

(Against County of Suffolk, Suffolk County Police Department, Sergeant Alfano and Police Officer McQuade)

116. Ms. Hart repeats and re-alleges paragraphs 1 through 115 as if fully set forth herein.

117. By the conduct and actions described above, Individual Defendants Alfano and McQuade employed regularly issued process against Ms. Hart compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intended to harm Ms. Hart without justification, and Defendants were seeking a collateral advantage (including but not limited to covering for their own misdeeds described above) or corresponding detriment to Ms. Hart, which was outside the legitimate ends of the process. The acts and conduct of Individual Defendants Alfano and McQuade were the direct and proximate cause of injury and damage to Ms. Hart and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

118. As a result, Ms. Hart suffered conscious pain and suffering, damage, injury, and deprivation of her liberty.

### TWELFTH CLAIM FOR RELIEF FOR CIVIL CONSPIRACY

#### (Against Sergeant Alfano and Police Officer McQuade)

116. Ms. Hart repeats and re-alleges paragraphs 1 through 119 as if fully set forth herein.

117. By the conduct and actions described above, Individual Defendants Alfano and McQuade maliciously prosecuted employed regularly issued process against Ms. Hart compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intended to harm Ms. Hart without justification to the corresponding detriment to Ms. Hart.

118. On information and belief, Sergeant Alfano and Police Officer McQuade undertook such acts, including the acts of falsely testifying under oath, pursuant to an agreement made between them and, in overt furtherance of that agreement, intentionally participated in the furtherance of an illicit, unjustified and unlawful plan to maliciously prosecute and falsely imprison Ms. Hart, which resulted in her near fourteen-month imprisonment and prosecution.

119. The acts and conduct of Individual Defendants Alfano and McQuade were the direct and proximate cause of injury and damage to Ms. Hart and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

120. As a result, Ms. Hart suffered conscious pain and suffering, damage, injury, and deprivation of her liberty.

THIRTEENTH CLAIM FOR RELIEF NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING UNDER THE LAWS OF THE STATE OF NEW YORK

(Against Defendant County of Suffolk, SCPD, Riverhead Correctional Facility and the Suffolk County Sheriff's Office)

121. Ms. Hart repeats and re-alleges paragraphs 1 through 120 as if fully set forth herein.

122. As demonstrated by the facts alleged herein, Defendants County of Suffolk, SCPD, the Riverhead Correctional Facility and the Suffolk County Sheriff's Office negligently hired, screened, retained, supervised, and trained the Individual Defendants. The acts and conduct of the Individual Defendants Sergeant Alfano, Police Officer McQuade, Corrections Officer Patricia Burkhardt and John Does ## 1-6, were the direct and proximate cause of injury and damage to Ms. Hart and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

123. As a result, Ms. Hart suffered conscious pain and suffering, damage, injury, and deprivation of her civil rights and liberty.

PRAYERS FOR RELIEF WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally and prays for relief as follows:

a. Declare that the conduct of Defendants, as described above, violates the rights of Plaintiff under the Fourth and Fourteenth Amendments of the United States Constitution and under New York State Law;

b. Award Plaintiff compensatory and punitive damages in an amount to be determined at trial against Defendants Alfano, McQuade, Burkhardt, John Does ## 1-6, and the County of Suffolk, the Riverhead Correctional Facility, the Suffolk County Sheriff's Office, jointly and severally, and punitive damages individually against each of Defendants Alfano, McQuade,

Burkhardt, and John Does #1-6, for violation of her federal constitutional rights, New York state

law rights, deprivation of liberty, physical injuries, pain, suffering, mental anguish, and

humiliation;

      d. Award Plaintiff the costs and disbursements of this action, including reasonable

attorneys' fees; and

      e. Grant such other and further relief in favor of Plaintiff this Court deems just and

proper.

Dated: New York, New York
       August 28, 2017

                           Respectfully submitted,

                           MCGIFF HALVERSON LLP

                           By: _____

                           Daniel J. O'Connell (DO-2031)
                           Stephen J. McGiff  (SM-9573)
                           Attorneys for Plaintiff Sydney Hart
                           96 South Ocean Avenue

                           Patchogue, New York 11772
                           (631) 730-8686