UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SYDNEY HART,

                            Plaintiff,              **MEMORANDUM AND ORDER**

    -against-                                   17-cv-5067 (JS)(SIL)

SUFFOLK COUNTY, MICHAEL ALFANO,
JAMES McQUADE, KELLIE BURGHARDT,
and JOHN DOES #1 THROUGH 6,

                            Defendants.
------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court for decision in this § 1983 civil rights action is Plaintiff Sydney Hart's ("Plaintiff" or "Hart") motion for leave to file a third amended complaint to modify certain allegations about *Brady* material, and to substitute the six John Doe Defendants (the "Doe Defendants") with individuals identified for the first time during discovery. *See* Plaintiff's Motion to Amend ("Pl. Mot."), Docket Entry ("DE") [48]. Defendants oppose only the latter part of the motion, arguing that claims against the newly identified proposed Defendants are time-barred. *See* Defendants Memorandum of Law in Opposition ("Def. Memo of Law"), DE [52]. For the reasons set forth below, the motion for leave to amend is granted.

**I. BACKGROUND**

      The following facts are taken from the Second Amended Complaint ("SAC"), DE [31]. Hart is a 48-year-old transgender woman. *See* SAC ¶ 3. On August 27, 2015, Defendants Sergeant Michael Alfano ("Alfano") and Police Officer James

McQuade ("McQuade") allegedly illegally searched her bedroom and seized her property without probable cause or lawful consent. *See id.* ¶¶ 2, 24. Plaintiff was detained, arrested, and arraigned on September 2, 2015 and was incarcerated at the Riverhead Correctional Facility (the "RCF"), where she remained until her release on October 14, 2016. *See id.* ¶¶ 2, 22, 25–26.

According to the SAC, during her time at the RCF, Plaintiff was emotionally and verbally abused and discriminated against on the basis of her transgender status. *See id.* ¶¶ 3–4, 34. She was called anti-transgender and transphobic slurs; taunted by medical personnel during her vaginal dilation therapy; and made to wear a wristband bearing her former, long-ago legally changed name "Stuart Hart." *See id.* ¶¶ 4, 34–37. Plaintiff made numerous complaints regarding this abusive treatment, but they went unaddressed in any meaningful way. *See id.* ¶ 38.

According to Hart, on October 13, 2016, new evidence revealed that Alfano and McQuade did not have legal grounds to search Plaintiff's bedroom, or to arrest or detain her. *See id.* ¶¶ 27, 30. Radio calls between police officers and the Fourth Precinct on August 27, 2015 revealed that Alfano and McQuade had lied under oath regarding the nature and timing of the alleged consent given to the searching officers. *See id.* ¶¶ 30–31. Then on October 14, 2016, she was physically assaulted by Defendants Corrections Officer Kellie Burghardt and the Doe Defendants. *See id.* ¶¶ 39-42.

Based on the new evidence, Hart was released from the RCF on or about October 14, 2016. *See id.* ¶ 28. All charges were dismissed against her on October 31, 2016 "in the interest of justice." *See id.* ¶ 29.

On January 5, 2017, Plaintiff served and filed a Notice of Claim with Suffolk County (the "County"). *See id.* ¶ 10. A hearing was commenced by the Suffolk County Attorney's Office on May 11, 2017 and concluded on June 20, 2017. *See id.* ¶ 11. On August 28, 2017, Hart filed her Complaint, alleging thirteen causes of action against the County, Suffolk County Sheriff's Office (the "Sheriff's Office"), Suffolk County Police Department ("SCPD"), Alfano, McQuade, the RCF, Corrections Officer Patricia Burkhardt, and the Doe Defendants. *See* Complaint, DE [1]. The Complaint was amended on October 11, 2017 to correct Burghardt's name from "Patricia Burkhardt" to "Kellie Burghardt." *See* First Amended Complaint, ("FAC"), DE [12]. Plaintiff amended her Complaint a second time on March 9, 2018. *See generally* SAC. This second amendment dropped the allegations against the RCF, the Sheriff's Office, and the SCPD, and limited the causes of action to six, for false arrest and malicious prosecution pursuant to § 1983 against the County, Alfano, and McQuade; violation of the Fourteenth Amendment against Burghardt and the Doe Defendants; malicious prosecution under New York State law against the County, Alfano, and McQuade; assault and battery under New York State law against the County, Burghardt, and the Doe Defendants; false arrest and imprisonment under New York law against the County, Alfano, and McQuade; and negligent hiring, training, and supervision under New York State law against the County. *See id.* ¶¶ 43–80. It also provided greater

3

detail as to the Doe Defendants, alleging they were on duty at all relevant times during Plaintiff's confinement at the RCF. *See id.* ¶ 22.

In June 2018, Hart served Defendants with a set of interrogatories. *See* Pl. Mot. at 1. Plaintiff received Defendants' interrogatory answers in June 2019, which, for the first time, identified the Doe Defendants by name—Maxwell Edwards, Timothy Cable, Jamie Rice, and Kenneth Kopcznski. *See id.* Thereafter, on October 11, 2019, Hart served the newly identified individuals with notice of her intent to file a Third Amended Complaint. *See* Joel Wertheimer's Declaration in Support of Motion to Amend ("Wertheimer Decl."), DE [54-1]; *see also* Exhibit 1 to Wertheimer Decl., DE [54-2]. On October 25, 2019, Plaintiff filed her motion for leave to amend the Complaint for a third time, *see* DE [48], seeking to: (i) substitute allegations of fabrication and *Brady* claims for the false arrest claims asserted in the SAC; and (ii) substitute the names of officers identified in Defendants' June 2019 interrogatory responses for the Doe Defendants. *See id.* Defendants object only to the substitution of the newly named Defendants, arguing that any claims against them are barred by the statute of limitations. *See generally* Def. Memo of Law. For the reasons set forth herein, the Court grants Hart's motion for leave to amend.

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), courts have discretion to allow parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012). Courts interpret Rule 15 liberally. *See Assam v.*

4

*Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary . . . .").

Leave to amend a complaint should be denied only "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park-Bellerose Union Sch. Dist.*, No. 12-CV-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'") (quoting *Cummings-Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)). It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (internal citation omitted).

In the context of Rule 15 amendments to substitute identified individuals for John Does, courts recognize that amendments may be denied under the statute of limitations as untimely. John Doe pleadings generally "cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468 (2d Cir. 1995) (quoting *Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir.1993)). Thus, such an amendment may only be permitted when it

5

"relates back" to the original pleading under Fed. R. Civ. P. 15(c). *See id.* (internal quotation, citation, and brackets omitted). Here, Plaintiff invokes Rule 15(c)(1)(A), which provides that an amendment relates back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A).

## III. DISCUSSION

As set forth above, the Court acknowledges that Defendants do not object to Plaintiff's motion to amend the Complaint to substitute allegations of fabrication and *Brady* claims for her false arrest claims. *See* Def. Memo of Law at 2. Thus, the Court grants this portion of Hart's request for leave to amend accordingly.

Plaintiff also seeks to amend the Complaint to substitute Maxwell Edwards, Timothy Cable, Jamie Rice, and Kenneth Kopczynski for the Doe Defendants. *See* Pl. Mot. at 1–2. Defendants oppose this portion of the motion, arguing that the claims against the newly named individuals are time-barred. *See* Def. Memo of Law at 3. "Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations*,"* which derives from state law. *Owens v. Okure*, 488 U.S. 235, 249–51, 109 S. Ct. 573, 581–82 (1989). Because these individuals' alleged involvement occurred on October 14, 2016, Plaintiff can only amend to add them as parties if the motion for leave to amend was brought on or before October 14, 2019, unless the new allegations actions relate back to the original Complaint. *See id.* As Plaintiff did not file her motion for leave to amend until October 25, 2019, she must demonstrate that her claims against the newly named individuals relate back to the claims against the Doe Defendants.

6

As set forth above, Hart relies on Fed. R. Civ. P. 15(c)(1)(A) to demonstrate that relation back is appropriate. *See* Fed. R. Civ. P. 15(c)(1)(A). As § 1983 derives its statute of limitations from state law, the Court must determine whether New York state law would permit relation back. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (internal quotation marks omitted).

> Under New York Civil Practice Law and Rules ("C.P.L.R.") section 1024,
>
> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

C.P.L.R. § 1024. To take advantage of section 1024, Hart must have: (1) "exercise[d] due diligence, prior to the running of the statute of limitations, to identify the defendant[s] by name," and (2) "describe[d] the [Doe Defendants] 'in such form as will fairly apprise the party that [they are] the intended defendant[s].'" *Hogan*, 738 F.3d at 519 (quoting *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D. 3d 26, 30 (2d Dep't 2009)); *see also Harris v. N. Shore Univ. Hosp. at Syosset*, 16 A.D.3d 549 (2d Dep't 2005).

"To identify unknown parties after filing, a plaintiff is advised to serve discovery demands upon any known parties . . . or otherwise act with diligence." *Boston v. Suffolk County, New York*, 326 F.Supp. 3d 1, 13 (E.D.N.Y. 2018) (citing *Williams v. United States*, No. 07-cv-3018, 2010 WL 963474, at *12 (S.D.N.Y. Feb. 25, 2010)). Well before the running of the statute of limitations, in June of 2018, Hart requested by interrogatory the names of the Doe Defendants. *See* Pl. Reply at 3. Plaintiff received the interrogatory answers a year later in June 2019, served the Doe

7

Defendants with her intended Third Amended Complaint on October 11, 2019, and filed her motion for leave to amend shortly thereafter. *See* Wertheimer Decl.; *see also* Exhibit 1 to Wertheimer Decl. Such actions demonstrate sufficient due diligence to identify the Doe Defendants by name. *See, e.g., Joseph v. Bute*, 16-cv-2004, 2019 WL 181302, at *5 (E.D.N.Y. Jan. 9, 2019) (finding that the "Plaintiff's 'efforts to ascertain the officers' identities distinguish this case from the majority of cases finding a lack of due diligence in the absence of *any* efforts at identification prior to the expiration of the statute of limitations") (quoting *Abreu v. City of New York*, No. 17-CV-6179, 2018 WL 3315572, at *6 (S.D.N.Y. July 5, 2018)) (emphasis in original).

Hart also described the Doe Defendants sufficiently in her earlier pleadings. In the original Complaint, Plaintiff identified the Doe Defendants as RCF employees that were working on October 14, 2016 around 3:30 p.m. on the first and fifth floors of the facility when the alleged unlawful assault took place. *See* Compl. ¶¶ 25, 44–45. In the SAC, Hart added that these individuals were on duty at all relevant times during her confinement at the RCF. *See* SAC ¶¶ 21–22. This is sufficient information to put the Doe Defendants on notice that they were the intended Defendants. *See Joseph*, 2019 WL 181302, at *5 (noting that there is no dispute that a complaint that "specified the date and place of the relevant events, the conduct engaged in by the officers, and even described the involved officers" put the unnamed Defendants on notice). Because Plaintiff has met both criteria under C.P.L.R. § 1024, the Court finds that Plaintiff's allegations against the newly named individuals relate back to the

8

original Complaint. Accordingly, the Court grants Plaintiffs' motion for leave to amend the Complaint in its entirety.[1]

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to amend the Complaint is granted.

Dated: Central Islip, New York
      August 15, 2020              **SO ORDERED**

                                              /s/ Steven I. Locke
                                            STEVEN I. LOCKE
                                            United States Magistrate Judge

---

[1] Defendants oppose this amendment under Rule 15(c)(1)(C), which, in the context of this case, would require Hart, within the period established for Fed. R. Civ. P. 4(m) for service, to show that the parties to be brought in had "(i) received []notice of the action [such] that [they] will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper part[ies'] identit[ies]." *See* Def. Memo of Law at 2; Fed. R. CI. P. 15(c)(1)(C). According to Defendants, leave to amend must be denied because Plaintiff cannot show that her lack of knowledge of the Doe Defendants' identifies was due to "mistake." *See Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1996) (denying amendment because it was made "not to correct a mistake but to correct a lack of knowledge"). Because Hart relies on Fed. R. Civ. P. 15(c)(1)(A), rather than 15(c)(1)(C) however, this argument is of no moment.

9