# EXHIBIT 1

DAVID B. SHANIES LAW OFFICE
David B. Shanies
Joel A. Wertheimer
411 Lafayette Street, Sixth Floor
New York, New York 10003
(212) 951-1710 (Tel)
(212) 951-1350 (Fax)
david@shanieslaw.com
joel@shanieslaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SYDNEY HART,

                Plaintiff,

– against –

SUFFOLK COUNTY, MICHAEL ALFANO, JAMES McQUADE, KELLIE BURGHARDT, and JOHN DOES NUMBERED 1-6,

                Defendants.

17-CV-5067 (JFB) (SIL)

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF <u>DOCUMENTS</u>**

---

       PLEASE TAKE NOTICE that, pursuant to the Federal Rules of Civil Procedure ("Rules"), including Sections 26, 33, and 34 thereof, Plaintiff Sydney Hart ("Plaintiff"), by her counsel the David B. Shanies Law Office LLC, propounds this First Set of Interrogatories ("Interrogatories") and Requests for Production of Documents, Electronically Stored Information, and Things for Inspection, Testing, Copying, and/or Photographing ("Document Requests") (together with the Interrogatories, "Requests"), and requests that Defendants Suffolk County ("County"), Alfano, McQuade, and Burghardt (collectively, "Defendants") produce written responses, answering each Interrogatory

1

separately and fully in writing and under oath, and copies of responsive documents, electronically stored information, and things in the County's possession, custody, or control to the attorneys for Plaintiff, David B. Shanies Law Office LLC, 411 Lafayette Street, Sixth Floor, New York, New York 10003, and/or make any such materials available for inspection, testing, copying, or photographing, within 30 days of Defendant's receipt of these Requests.

PLEASE TAKE FURTHER NOTICE that these Requests are continuing so as to require Defendant to supplement its responses in the event Defendant acquires further information, documents, or other materials between the time Defendant's responses are served and the time of trial.

Plaintiff reserves the right to propound additional discovery requests, including interrogatories and requests for production of documents, during the pendency of fact discovery in this case.

### INSTRUCTIONS

1. Local Rule 26.3 of the U.S. District Court for the Eastern District of New York is incorporated herein by reference. Terms in the singular shall include the plural, and terms in the plural include the singular. Terms in the masculine shall include the feminine, and terms in the feminine shall include the masculine. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The word "any" means all and the word "all" means any. The words "any" and "all" shall be construed as necessary to make a request inclusive rather than exclusive.

2. When referring to a person, the term "identify" shall mean give, to the extent known: (1) the person's full name; (2) present or last known address and phone

number; (3) present or last known place of employment; and (4) date of birth. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent requests to identify that person.

3. If the answer to all or any part of an Interrogatory is not presently known by or available to you, include a statement to that effect, specifying the portion of the Interrogatory which cannot be answered completely. The omission of any name, fact or other item of information from an answer shall be deemed a representation that such name, fact, or item is not known to you.

4. To the extent a document (or identification thereof) is sought herein and the document was, but is no longer in your possession, subject to your control, or in existence, state whether it: (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of; state the date or approximate date of disposition of the document; state the author(s), sender(s), recipient(s) and copyee(s) of the document; summarize the contents of the document; identify the person who authorized its transfer, destruction, or other disposition; state whether the original or a copy thereof is within the possession, custody, or control of any other person; and identify such person(s).

5. The Requests contained herein apply to all documents in the possession, custody, or control of Defendant, its subdivisions, agencies, affiliates, representatives, attorneys, employees, agents, officers, executives, and officials, or anyone acting or purporting to act on its behalf, regardless of where such documents are located.

6. For any Interrogatory answer formulated upon the basis of knowledge or information other than the first-hand knowledge of the person answering the

Interrogatories, indicate the source(s) of the knowledge or information utilized in formulating the answer and identify the person(s) possessing such knowledge and information.

7. If you answer any Interrogatory by stating that the answer can be ascertained from documents you are producing in response to a Document Request in this proceeding, please refer to the specific documents from which the answer can be ascertained. In addition, whenever any Interrogatory is answered by reference to documents from which the answer may be derived or ascertained, as permitted by the Federal Rules of Civil Procedure and Local Civil Rule 33.1:

   a) The specification of documents to be produced shall be in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party from whom the discovery is sought.

   b) The producing party shall make available any computerized information or summaries that it either has, or can adduce by relatively simple procedure, unless these materials are privileged or otherwise protected from discovery.

   c) The producing parties shall provide any relevant compilations, abstracts or summaries in its custody or readily obtainable by it, unless these materials are privileged or otherwise protected from discovery.

8. If you object to any Interrogatory or Document Request or to providing a particular item of information requested therein, please state the grounds for your objection with specificity, and comply with any portion of the request to which you do not object.

9. For each document or Interrogatory response withheld on the grounds of privilege, provide the following information:

   a) The date of the document;
   b) The type of document;
   c) The author of the document;

4

  d) Any addressee or other recipient of the document, including copyees;
  e) The subject matter of the information withheld;
  f) All persons who have knowledge of the information and their positions or titles;
  g) All persons to whom the information has been revealed and their positions or titles;
  h) If not apparent, the relationship between the author, addressee, and recipients to each other; and
  i) The nature of the privilege claimed and the basis of the claim of privilege.

5. Unless otherwise specified herein, the time period relating to these requests is August 27, 2015 to present.

## DEFINITIONS

A. "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations, governmental entities and agencies, and every other type of organization or entity.

B. The term "concerning", including any variant thereof, includes referring to, responding to, relating to, connected with, commenting on or in respect of, analyzing, touching upon, constituting and being and is not limited to contemporaneous events, actions, communications or documents.

C. "Document" or "Documents" means writing or record of any type or description, including in electronic form, including but not limited to the original or any non-identical copy, regardless of origin or location of any paper, book, pamphlet, newspaper, magazine, periodical, letter, memorandum, telegram, report, record, study, interoffice or intra office communication, handwritten or note, diary, invoice, purchase order, bill of lading, promissory note, check, bank draft, financial record, transcript of court proceeding and/or hearing, transcript of telephone conversation and any other retrievable data processing card,

or any other written, electronic, recorded, transcribed, punched, taped, filmed or graphic matter however produced or reproduced to which you have access.

D. The terms "Defendant," "County," and "you" mean Suffolk County; and any agency, subdivision, employee, official, executive, officer, representative, agent, attorney, affiliate or anyone acting or purporting to act on behalf of Suffolk County (including, without limitation, Department of Corrections and the Suffolk County Sheriff).

E. The term "Search" or "Illegal Search" or "Case" refers to Ms. Hart's arrest,

## **INTERROGATORIES**

1. Identify each person, other than those named in the Complaint, who has knowledge or information concerning the Incident and/or the facts and defenses upon which Defendant will rely for its defense of this case.

2. Identify all systems used to track and monitor police reports and documents created by police in the Suffolk County Police Department.

3. Identify all individuals at the Suffolk County Police Department who participated in and/or discussed Ms. Hart's arrest and/or the search of her room.

4. Identify the individual(s) who participated in Ms. Hart's classification at SCCF and any supervisors who reviewed the classification.

5. Identify all individuals who were responsible for Ms. Hart's medical care while at SCCF.

6. Identify each person, other than those named in the Complaint, whom you intend to call as a witness at trial.

6

**DOCUMENT REQUESTS**

1. All documents that concern, form the basis of, or were reviewed in connection with the preparation of Defendant's responses to the Interrogatories propounded above.

2. All documents in your possession, custody, and/or control concerning any information or communication transmitted to and/or received by the DOC concerning Plaintiff.

3. All disciplinary records, personnel files, complaint histories, and/or lawsuits, for Defendants McQuade, Alfano, Burghardt, and any John Does identified in the Interrogatory Responses.

4. All audio, video and/or photographs of the Incident with Ms. Burghardt.

5. All audio and/or video of communications regarding Ms. Hart by members of the Suffolk County Police Department.

6. All documents relating to the Search, Ms. Hart's detention, arrest, and prosecution by the Suffolk County Police Department and the Suffolk County District Attorney.

7. All documents that you expect or intend to use at trial, whether as exhibits, demonstrative aids, documents used to refresh a witness's recollection, or documents to be used solely for rebuttal and/or impeachment.

8. All documents concerning posts or assignments for DOC employees present in the cell block in which Ms. Hart resided during her time in SCCF.

9. Photographs of each corrections officer who worked in the cell block in which Ms. Hart resided during her time in SCCF and who performed searches.

10. All training materials, policies, and/or guidelines regarding the execution of search warrants and/or obtaining consent to search without a warrant.

11. All training materials, policies, and/or guidelines relating to housing transgender inmates.

Dated: New York, New York
June 15, 2018

DAVID B. SHANIES LAW OFFICE

By: *David W. Shanies*
David B. Shanies
Joel A. Wertheimer
411 Lafayette Street, Sixth Floor
New York, New York 10003
(212) 951-1710 (Tel)
(212) 951-1350 (Fax)
david@shanieslaw.com
joel@shanieslaw.com

*Attorneys for Plaintiff Sydney Hart*